IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cr-246-M
Case No. 5:23-cv-344-M

ROBERT HOLLOMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on Petitioner's pro se motion for assistance with filing a motion to vacate under 28 U.S.C. § 2255 [DE 40]; his pro se motion to vacate his sentence under § 2255 [DE 41]; the United States' motion to dismiss [DE 47]; and Defendant's subsequent pro se motions to amend his § 2255 motion [DE 50, 52, 53].

On January 25, 2022, Petitioner pled guilty to firearm possession by a convicted felon without a written plea agreement. DE 23. This court sentenced him to a 108-month term of imprisonment on May 6, 2022. DE 37. Petitioner did not appeal his sentence.

On June 26, 2023, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. DE 41. The United States moved to dismiss the motion on September 18, 2023. DE 47. Three days later, Petitioner moved to amend his § 2255 motion. DE 50. The United States timely responded. DE 51. Petitioner then filed two additional motions to amend his § 2255 motion, DE 52, 53, to which the United States timely responded, DE 54, 55. The court is fully apprised.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether the petitioner has stated a facially plausible claim to relief based on the petitioner's well-pleaded

allegations and after drawing all reasonable inferences in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court may also consider public records, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), the files and records of the case, 28 U.S.C. § 2255(b), and its own familiarity with the case, *see United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013). While the court must "construe *pro se* complaints liberally," it may not adopt "the improper role of an advocate" and need only address "questions squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The court must freely grant leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure, "absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *Id.*

The United States argues that Petitioner's motion is barred by the relevant statute of limitations. Under 28 U.S.C. § 2255(f), a § 2255 motion must be filed within one year after the judgment of conviction becomes final. The judgment in this case became final on May 20, 2022, upon the expiration of the fourteen-day period for filing a direct appeal. *United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014); DE 37 (filed May 6, 2022). Petitioner had until May 20, 2023 to file his petition. Yet, his motion was filed on June 26, 2023, nearly a month after the limitations period expired. *See* DE 41.

To be sure, the one-year limitation period may be extended (1) if unlawful governmental action prevented the petitioner from timely filing his motion; (2) if the motion is based on a newly recognized right made retroactively applicable for collateral review pursuant to Supreme Court
2

precedent; or (3) if the motion is based on newly discovered facts. *See* 28 U.S.C. § 2255(f). However, none of these extensions apply.

Petitioner's motion and proposed amendments are based on the notion that this court erroneously calculated his advisory guideline range, DE 41 at 4–5 (robbery convictions were nonviolent crimes); DE 52 at 3–4 (same); 53 at 1–3 (same), and that his § 922(g)(1) conviction is unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), DE 50 at 1; DE 52 at 1. Petitioner presents no evidence suggesting that unlawful government action prevented timely filing, nor does Petitioner rely on newly discovered evidence to support his claims. *See* DE 41 at 4–6, 10; DE 50 at 1; DE 52 at 1, 3–4; DE 53 at 2. Moreover, Petitioner's proposed *Bruen* claim is untimely, as his earliest proposed amendment invoking *Bruen* was filed on September 20, 2023, several months after the limitations period expired on May 20, 2023. *See* DE 50 at 1 (filed Sept. 20, 2023); DE 52 at 1 (filed Oct. 17, 2023); *Pittman*, 209 F.3d at 317–18.

For the foregoing reasons, the court GRANTS the United States's motion to dismiss [DE 47]; DISMISSES Petitioner's § 2255 motion [DE 41]; DENIES Petitioner's motions to amend [DE 50, 52, 53] based on futility; and DENIES as MOOT Petitioner's motion for assistance with filing his § 2255 motion [DE 40]. The court DENIES a certificate of appealability *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 366–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED this 11th day of June, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3